IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM ABDULLAH MUSTAFA,        )
                                 )
              Petitioner,        )
                                 )
         v.                      )     1:08CV892
                                 )
THEODIS BECK,                    )
                                 )
              Respondent.        )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 13, 1992, in the Superior Court of Alamance County, Petitioner was convicted by a jury of first-degree rape, first-degree sexual offense, and larceny in cases 91 CRS 22127 and -22130. He was sentenced to life imprisonment. Petitioner did file a direct appeal, which was denied by the North Carolina Court of Appeals on January 4, 1994. The North Carolina Supreme Court denied certiorari on June 16, 1994. State v. Mustafa, 113 N.C. App. 240, 437 S.E.2d 906, cert. denied, 336 N.C. 613 (1994).

The record shows no further filings by Petitioner until January 25, 2008. On that date, he filed a motion for appropriate relief in the Superior Court of Alamance County. That motion was denied and subsequent attempts at receiving collateral relief in the state appellate courts also met with no success. Finally, on November 13, 2008, Petitioner dated a habeas petition, which he submitted to this Court on November 17, 2008 in case 1:08CV833.

When that petition was dismissed for certain procedural deficiencies, Petitioner filed the current petition. In it, he raises a single claim alleging that his life sentence violates the Eighth Amendment to the United States Constitution because it is longer than he would have received had he been sentenced under state sentencing laws that became applicable in 1994. Respondent seeks to have the petition dismissed for being untimely filed.

### Discussion

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 generally have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. 28 U.S.C. § 2244(d)(1)(A); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Where no direct appeal is filed, the conviction becomes final under § 2244(d)(1)(A) when the time for seeking direct review expires. Clay v. United States, 537 U.S. 522, 528 (2003).

In the present case, Petitioner's final direct appeal in the North Carolina courts was denied on June 16, 1994. He then had 90

---

[1] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

days to file a petition for certiorari with the United States Supreme Court, but did not do so. Therefore, his conviction was final in September of 1994. Of course, AEDPA had not yet been enacted at that time. For that reason, Petitioner's time to file actually began to run on AEDPA's effective date of April 24, 1996 and expired one year later.[2] This gave him to and including April 24, 1997, to file his petition. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

Petitioner dated his first petition as being mailed to this Court on November 13, 2008, more than eleven and a half years after his time to file had expired. Therefore, nothing else appearing, his petition is out of time under § 2244(d)(1)(A).

Petitioner did eventually pursue his claim in the state courts through his motion for appropriate relief, which was filed in January of 2008. Filings for state review toll the running of the one-year period. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, state court filings made after the expiration of the time for filing under § 2244 do not restart or revive the running of the one-year time limit. Minter v. Beck, 230

---

[2]Because Petitioner's only claim involves an argument based on a change in North Carolina sentencing law that occurred in 1994, his claim was based on facts and law known or reasonably knowable to him at the time AEDPA was enacted. Therefore, his time to file did run from AEDPA's effective date.

-3-

F.3d 663 (4th Cir. 2000). Petitioner's state court filings were made well after his time to file a federal petition had already passed. His petition is untimely.

Petitioner does not contest the analysis set out above or deny that his petition is time-barred under those calculations. In fact, he concedes the argument. (Docket No. 7 at 1.) Instead, he asks that the Court consider his petition anyway. He asks for consideration of the fact that he is an incarcerated layman with a high school education. He has no access to a law library and must rely on prison resources to bring his petition. Petitioner recognizes that North Carolina Prisoner Legal Services (NCPLS) exists to help inmates pursue claims, but states that the prison handbook he received at the beginning of his incarceration contained nothing about NCPLS. He contacted NCPLS only after a brochure was posted on a prison bulletin board in 2007.

Petitioner's argument appears to be one for equitable tolling. The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. <u>Harris</u>, <u>supra</u>; <u>Sandvik</u>, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when a petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005); <u>Harris</u>, <u>supra</u>; <u>Akins v. United States</u>, 204 F.3d 1086 (11th Cir. 2000). Circumstances are

-4-

beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled by the State or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not ordinarily constitute grounds for equitable tolling. Harris, supra; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling. Akins, 204 F.3d 1086. Finally, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. Coleman, 184 F.3d at 402.

Petitioner is not entitled to equitable tolling. As just set out, ignorance of the legal process and a lack of representation are not normally sufficient. Also, while Petitioner may have lacked access to a law library, NCPLS was available to help him. See Bounds v. Smith, 430 U.S. 817 (1977)(state only has an obligation to provide either prison law libraries or assistance from persons trained in the law), overruled on other grounds by Lewis v. Casey, 518 U.S. 343, 354 (1996). Petitioner claims that he did not learn of NCPLS and its services until 2007, but this contention is incredible. Whatever was or was not in the handbook

-5-

Case 1:08-cv-00892-JAB-DPD   Document 8   Filed 04/02/09   Page 5 of 6

he originally received, the existence of NCPLS is common knowledge throughout the North Carolina prison system. Inmates litigating in front of this Court have routinely sought help from that organization. More importantly, Petitioner was incarcerated for about fifteen years between the time of his conviction and the time he claims to have learned about NCPLS. The claim he makes was available for thirteen of those years. The fact that he did not find that organization sooner or make some effort at receiving relief on his own during those thirteen years constitutes a lack of diligence by Petitioner. In no event is he entitled to equitable tolling. His petition is untimely and should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 4) be granted, that the petition (Docket No. 1) be dismissed, and that Judgment be entered dismissing this action.

/s/ Donald P. Dietrich
**Donald P. Dietrich**
**United States Magistrate Judge**

April 2, 2009